IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL HEISE,

                Plaintiff,

v.                                                  ORDER

CAROLYN W. COLVIN,                          14-cv-739-jdp
Acting Commissioner of Social Security,

                Defendant.

---

Based on the parties' joint motion, Dkt. 21, this court reversed the Commissioner's decision denying plaintiff Carl Heise's application for disability benefits and remanded the case for further proceedings. Dkt. 22. The court then awarded plaintiff's attorney, Dana Duncan, fees in the amount of $4,600 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 30. On remand, the Office of Disability Adjudication and Review awarded plaintiff $127,244 in past-due benefits.

Now Duncan petitions the court for a representative fee award in the amount of $31,811, pursuant to 42 U.S.C. § 406(b), which is the 25 percent contingency fee to which Heise agreed in writing. Dkt. 32-2, at 1. The Commissioner has indicated that she does not oppose the award. But the circumstances of this case, viewed in light of the law governing fee recovery in social security cases, require that I reduce the award. I do so even though Duncan is an experienced disability rights attorney who achieved a very good result for his client.

Under 42 U.S.C. § 406(b), the court may award a claimant's attorney a representative fee for his or her work before the court. This section of the Social Security Act provides that "a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792

(2002). The requested fee is within the cap, but I must nevertheless review it to ensure that it is reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness.").

When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

Contingent fee agreements often produce fees that reflect large hourly rates which are not per se unreasonable. Contingent fee arrangements account for the attorney's risk of non-recovery, and awarding a fee consistent with the parties' agreement motivates attorneys to represent social security claimants who could not otherwise afford counsel. "If courts regularly invalidated reasonable contingency agreements in favor of a lodestar fee, then attorneys would no longer enter into such agreements." *McGuire*, 873 F.2d at 980. Following this principle, district courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and even as high as $1,500. *Koester*, 482 F. Supp. 2d at 1083 (collecting cases). But when the contingent fee agreement would yield an unreasonable windfall, courts have reduced the award under § 406(b) to an appropriate rate

above the lodestar rate. *See, e.g.*, *Schimpf v. Astrue*, No. 06-cv-18, 2008 WL 4614658 (N.D. Ind. Oct. 16, 2008) (awarding a fee at a reduced hourly rate of $583.50); *Hodges-Williams*, 400 F. Supp. 2d at 1099-100 (awarding a fee at a reduced hourly rate of $350).

Viewing Duncan's representation of Heise from beginning to end, I do not think that a fee of just over $30,000 is unreasonable. If I consider all of the Duncan's time, the equivalent attorney compensation rate is approximately $771 ($31,811 for 41.25 hours of work), which is on the generous side of the reasonable scale. But if I consider only Duncan's work before this court, where Duncan spent a smaller proportion of his time, it would produce an hourly rate of approximately $2,217 ($31,811 for 14.35 hours). That amounts to an hourly rate that I would consider to be an unreasonable windfall.

Section 406, which provides for attorney fees for successful representation of disability claimants, is bifurcated: "§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Grisbrecht*, 535 U.S. at 794. The payment schemes under the two subsections are different: § 406(a) provides that the Commissioner shall award "a reasonable fee" for representation in connection with the "claim before the Commissioner," but limits the fee to the lesser of 25 percent of past-due benefits awarded or $6,000. § 406(a); Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (Feb. 4, 2009). Section 406(b), on the other hand, provides that a court may award for representation "before the court . . . a reasonable fee . . . not in excess of 25 percent" of past-due benefits awarded.

It appears that I cannot consider the Duncan's work for Heise from beginning to end. The circuits to have considered the question hold that under § 406 "each tribunal may award fees only for the work done before it." *See Horenstein v. Sec'y of Health & Human Servs.*, 35

F.3d 261, 262 (6th Cir. 1994). The bifurcated fee-fixing procedure may be "inefficient, slow, and troublesome," 2 Harvey L. McCormick, *Social Security Claims and Procedures* § 16:69 (6th ed. 2009), but it makes at least arguable sense for each tribunal to evaluate the value of the work before it, under the compensation standards appropriate to that forum. So I will limit my reasonableness evaluation to Duncan's work before this court, and he can pursue the rest of his contingency fee from the Commissioner. *See Horenstein*, 35 F.3d at 262.

Duncan argues that his contingency fee is really equivalent to much lower hourly compensation, either $207, $232, or $500. He arrives at these rates by including various combinations of attorney, paralegal, and administrative time for work performed during the administrative proceedings, and also by excluding the previously awarded $4,600 EAJA fee award. The court will not consider hours spent in administrative proceedings, and the EAJA fee award must be included in the total fee. *See Schimpf*, 2008 WL 4614658 at *3. Although it is unclear whether administrative and paralegal work can be compensated under § 406(b), *see Thompson v. Colvin*, No. 13-cv-3570, 2016 WL 6585606, at *1 (D.S.C. Oct. 19, 2016) (collecting cases and discussing the issue without deciding the question), it has been this court's practice to consider only attorney work when determining the compensation rate.

But in setting a reasonable fee, I recognize the special circumstances of this case. Duncan expended most of his work at the administrative level, and then achieved a very efficient resolution of the appeal with a good summary judgment brief, which prompted the Commissioner to join a motion to remand the case. Both sides are to be applauded, and I do not want to discourage efficiency and cooperation.

Accordingly, I will cut the contingency fee in half, to $15,905.50. This results in an effective hourly rate of just over $1,100, appropriately high to reflect the risk of non-recovery

in social security cases, Duncan's special efficiency in this case, and, indirectly, the contribution of his paralegal to his work in this court. As Duncan recognizes, this amount must be offset by $4,600, the amount of the EAJA fees that he already recovered. *Gisbrecht*, 535 U.S. at 796. This results in a fee award of $11,305.50.

## ORDER

IT IS ORDERED that plaintiff's attorney's unopposed petition for attorney fees pursuant to § 406(b), Dkt. 19, is GRANTED in part. The court approves a representative fee award of $11,305.50, which reflects an offset for the prior award of EAJA fees.

Entered December 15, 2016.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge