# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

CARL HEISE,

                Plaintiff,

      v.                                           ORDER

CAROLYN W. COLVIN,                  14-cv-739-jdp
Acting Commissioner of Social Security,

                Defendant.

Based on the parties' joint motion, Dkt. 21, this court reversed the Commissioner's decision denying plaintiff Carl Heise's application for disability benefits and remanded the case for further proceedings. Dkt. 22. The court then awarded plaintiff's attorney, Dana Duncan, fees in the amount of $4,600 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 30. On remand, the Administration awarded plaintiff $127,244 in past-due benefits. Duncan petitioned the court for a representative fee award of $31,811 under 42 U.S.C. § 406(b). Dkt. 32. I reviewed Duncan's requested fee for reasonableness and awarded Duncan a reduced fee of $15,905.50. Dkt. 35.

After the court's initial award of fees under § 406(b), the Administration awarded plaintiff's children a total of $15,827.50 in past-due benefits. Now Duncan petitions the court for a second representative fee award of 25% of those benefits, or $3,956.89, under § 406(b). Dkt. 38. The notices of benefits that Duncan adduces in support of his petition, Dkt. 37-2, indicate that the amount of past-due benefits awarded is much higher, but this discrepancy will not affect my analysis because the key number in the analysis, the hours of work Duncan performed before this court, remains the same.

As I explained in my order on Duncan's first § 406(b) petition, a court may award a claimant's attorney a fee *up to* 25 percent of past-due benefits as long as that fee is reasonable. The court must reduce the award if "the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). Under § 406(b), the court "may award fees only for the work done before it." *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). Following these principles, I determined that Duncan's requested fee, $31,811, would amount to an unreasonable windfall when viewed in light of the 14.35 hours of work he performed before this court: it would result in an effective hourly rate of $2,217. So I reduced the fee to $15,905.50, which amounted to a reasonable effective hourly rate of just over $1,100.

Now Duncan asks for a second fee award because the Administration awarded additional past-due benefits to plaintiff's children. But the amount of the Administration's award was not the deciding factor in my previous analysis; it was the 14.35 hours of work that Duncan performed before this court that caused me to reduce the fee. If I awarded Duncan additional fees under § 406(b) now, it would result in an even higher effective hourly rate, which I previously determined would be unreasonable. I cannot award an unreasonable fee, so I must deny Duncan's petition. *See McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness."). Duncan may pursue some of his contingency fee from the Commissioner under § 406(a), which governs fees for representation in administrative proceedings.

ORDER

IT IS ORDERED that plaintiff's attorney's petition for attorney fees pursuant to § 406(b), Dkt. 37, is DENIED.

Entered June 1, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge